Aron Steuer, J.
The self-styled petitioner makes this motion to vacate an award in arbitration and for other relief. The form of the proceeding is faulty. The individual respondents, *344 employees of petitioner, initiated the arbitration proceedings. As a motion to vacate is merely a step in the arbitration proceedings (Shine’s Restaurant v. Waiters & Waitresses Union, Local No. 1, 113 N. Y. S. 2d 315), the proceedings should have been entitled as the individual respondents herein against the petitioner. This irregularity may be overlooked but reference to it is needed to understand the disposition which would look odd, otherwise, to those who expect a framework of correct form.
Petitioner has three objections to the award, namely, that he was not apprised that there was an arbitration proceeding; that the tribunal was not a proper one; and that the evidence before the arbitrators was not legally sufficient.
The facts are: petitioner, a musician, organized a band for a tour. After a week he became disappointed with certain of the bandsmen and they parted company under circumstances by which they claimed they were not fully paid and he claimed they were. All of these parties are members of the American Federation of Musicians. The by-laws of that union provide for arbitration of disputes between members, and the respondents applied to the union to inaugurate proceedings. A notice was sent petitioner. This notice was in the form of a letter. The letter does not use the word “ arbitration It states the claim of respondents and directs petitioner to reply within 10 days and the nature of the content and form of the reply is given. Petitioner submitted a reply and was furnished with respondents’ rebuttal, to which he submitted a sur rebuttal. After the award he made an application for reconsideration. Petitioner’s fila-lm that he was not aware that this was an arbitration proceeding is not entitled to credence.
According to the union’s by-laws, the arbitration tribunal was the union’s executive board. Petitioner claims that this is not a fair tribunal. This objection will be considered even though it is doubtful whether it survives petitioner’s participation in the arbitration with full knowledge of who the arbitrators were. It is well settled that a party to an agreement may not be an arbitrator in his own suit. In determining who is a party to a suit substantial justice rather than strict juridical concepts governs (Matter of Cross & Brown Co., 4 A D 2d 501). Whether or not a union is a competent arbitrator in a dispute between an outside employer and its members is to a high degree questionable. But that is not the case here. Petitioner is a union member and a musician himself. His claim that, because he is also an employer, the union would be prejudiced against him is not logically sound. The basis of objection to the union as arbitrator is that it would naturally favor its own people. Many *345 union members from time to time are in the same relative position of employer that petitioner is on this occasion. A prejudice due to community of interest cannot be presumed.
The nature of the evidence submitted was in accord with the by-laws and petitioner cannot be heard to complain against it.
As a result of his failure to pay the award petitioner has 'been suspended by the union. He seeks to have that action annulled. This claim cannot be entertained. The arbitrator is not a party to the arbitration proceeding, any more than a judge is a party to the lawsuit before him. Belief against him cannot be had in the arbitration proceedings. This would have to be the subject matter of a different proceeding.
Motion denied and cross motions granted.